UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ADRIELLY OLIO,

                            Plaintiff,

        v.

ANKIT SETHI, MD,

                            Defendant

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
23-CV-4886 (LDH)

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

      Adrielly Olio ("Plaintiff") proceeding *pro se*, brings the instant action against Ankit Sethi ("Defendant"), for outstanding debt. (Compl. at 5, ECF No. 1.) Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this order. For the reasons set forth below, the action is dismissed for lack of subject matter jurisdiction.

**BACKGROUND**[1]

      Plaintiff, who lives in Mastic, New York, brings this lawsuit against Defendant, who is her former fiancé. (Compl. at 5.) In her complaint, Plaintiff does not indicate either federal question or diversity of citizenship as a basis for the Court's jurisdiction.[2] (*Id*. at 4.) On the cover sheet attached to the complaint, Plaintiff alleges that she is a citizen of New York, and that Defendant is a citizen of both Pennsylvania and Canada. (*Id*. at 4.) Plaintiff also alleges that beginning in October of 2020, Defendant "pretty much moved in with me and lived off me and

---

1 The facts herein are those alleged in the complaint and are assumed to be true for the purposes of the motion to dismiss.
2 Plaintiff selected federal question as the basis of jurisdiction on civil cover sheet attached to her complaint, yet in the "brief description of cause," Plaintiff simply writes "diversity." (Compl., Ex. 1, ECF No. 1–1.)

my hard earned savings." (*Id*. at 5.)  Plaintiff further alleges that she, along with Defendant, jointly incurred expenses for a planned wedding, transportation, and a move to Pennsylvania. (*Id*. at 5–6.)  Plaintiff indicates that she has a $4,000 credit card bill for which she asked her former fiancé to pay half, and he agreed to pay via in various text messages.  (*Id*. at 6.) Plaintiff seeks a payment for $16,247, which she alleges is one half of the jointly incurred expenses.  (*Id*. at 7.)

## DISCUSSION

Pursuant to the IFP statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  The Federal Rules of Civil Procedure require that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see also Chestnut v. Wells Fargo Bank, N.A.,* No. 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

Courts are required to give special consideration to pro se litigants, those individuals who represent themselves in court.  This means that the unrepresented litigants are not expected to meet the same standards required for formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In giving pro se complaints special consideration, the Court must look

2

for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

The two types of federal subject-matter jurisdiction are federal question jurisdiction and diversity jurisdiction. To arise under federal question jurisdiction, the complaint must have a claim based on a federal law. *See* 28 U.S.C. § 1331. For a claim based on diversity jurisdiction, the plaintiff must show that the plaintiff and defendant have complete diversity of citizenship, which means they must reside in different states. *See* 28 U.S.C. § 1332. The plaintiff must also show that the state law claim for money damages, which is called the amount in controversy, is for more than $75,000. *See id.* The party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citations and internal quotation marks omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("with mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount.") (internal omissions and additions and citation omitted).

Here, Plaintiff claims that she and Defendant incurred joint expenses that she paid for and he failed to reimburse. (Compl. at 6.) She has not claimed that Defendant violated any federal

law that would allow her to bring a cause of action in federal court under the Court's federal question jurisdiction. She also does not allege that the parties entered into a contract, nor does she identify any other duty to pay under state law. Even if Plaintiff had alleged a state law claim and asserted this Court's diversity jurisdiction, the amount in controversy is $16,247, which is well below the jurisdictional minimum of $75,000. As Plaintiff has failed to meet the minimum amount in controversy to establish diversity jurisdiction over the action or to assert any basis for federal question jurisdiction, the case is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 269 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      December 13, 2023

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge